Curia, per

Evans, J.
Upon a review of all the facts of this case, I concur with my bretheren, that there was error in the circuit decision. The award states the case which the arbitrators decided, to be one in which Wm. Cox was plaintiff, and J. Gent, defendant. Connecting this with the fact that the award signed by the arbitrators is directed to the clerk of the Court, there was, I think, sufficient evidence to identify the award with the case on the docket. When a case is referred to arbitration, the object is to supersede, by the judgment of the arbitrators, the verdict of a jury. It would follow from this, that the award should be either for a certain sum ascertained, or for a sum capable of being ascertained by reference to some part of the record. The usual form of a verdict in debt or bond is, “We find the writing obligatory within declared on, to be the deed of the defendant.” This has always been regarded as sufficient, without the specification of any particular sum in the verdict. The sum is ascertained by reference to the declaration. So, in this case, the award is, we find for the plaintiff the amount of the note. This is equivalent to a finding for the amount due on the note described in and copied on the declaration. This Court is therefore of opinion, that the presiding judge ought to have granted the motion,* unless there were other objections to the confirmation of the award. The motion to reverse the decision of the Circuit Court, is therefore granted, subject to the right of the defendant to impeach the award on any other ground.
The whole Court concurred.